## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                )
AIR TRANSPORT ASSOCIATION OF     )
AMERICA, INC., d/b/a AIRLINES FOR   )
AMERICA,                           )
                                )
            Plaintiff,            )
                                )
v.                              )     Civil Act. No. 1:18-cv-10651
                                )
MAURA HEALEY, in Her Official Capacity As  )
Attorney General, Commonwealth of     )
Massachusetts,                    )
                                )
            Defendant.        )
_____)

## JOINT MOTION TO FURTHER AMEND
## THE AUGUST 16, 2018 SCHEDULING ORDER

The parties in the above action jointly move this Court for a further amendment to the

August 16, 2018, Scheduling Order, as amended by this Court's November 16, 2018, Order.

Specifically, and for the reasons set forth below, the parties jointly request that the deadlines be

amended as follows:

1.     Discovery will be limited to the following airlines:  American; JetBlue; Southwest; United; and Alaska/Virgin America.  The parties agree that the only evidence introduced at trial will be evidence relating to these airlines or evidence otherwise produced in discovery.

2.     The parties will exercise best-faith efforts to complete their negotiations for a protective order, and to submit an agreed protective order for entry by the Court, no later than March 13, 2019.

3.     Counsel for A4A will accept service of third-party subpoenas *duces tecum* to the airlines listed in Paragraph 1.  The AGO served said third-party subpoenas on February 22, 2019.

4.     Following service of the subpoenas, the parties will engage in an expedited meet-and-confer process, to be completed by March 20, 2019, to address and resolve

any objections to the subpoenas, to determine the amount of time reasonably necessary to complete the agreed-upon document production, and to determine whether it is necessary for production to be tolled as to documents to which a protective order would apply pending the negotiation and execution of a suitable protective order.  Any remaining disputes will be brought to the Court's attention promptly.

5.    The airlines will serve a privilege log at the same time documents are produced in accordance with the parties' negotiated deadline; if the parties have agreed to a rolling production for a particular airline, the privilege log will be served with the last document production.  The privilege log need not include any communications as to which an attorney is the author or a recipient and where the provision of legal advice or assistance, or communication regarding the same, was the primary purpose of the communication.  Any other communication in which an attorney is either an author or recipient and over which an airline claims privilege shall be included in a privilege log.

6.    The parties will engage in an expedited meet-and-confer process, to be completed within 7 days after the production deadline for each individual airline, to determine whether the airline has produced substantially all responsive documents.  If the parties have agreed to a rolling production for a particular airline, the following procedure will be utilized with respect to each installment of the document production:  (i) the airline will identify, by Bates number, which documents are responsive to which document requests, and whether the airline has additional documents to collect, review and/or produce in response to a particular request; (ii) once the airline has notified the AGO that it has produced substantially all documents in response to a particular request, the parties will engage in an expedited meet-and-confer process, to be completed within 7 days after the airline's notification, to determine whether the airline has produced substantially all responsive documents.

7.    Assuming a particular airline's document production is substantially complete by the negotiated production deadline, or, in the case of a rolling production, by the last scheduled production date, the AGO will have 45 days from the applicable deadline to commence that airline's Rule 30(b)(6) deposition as well as to complete any depositions of individual declarants.  If a particular airline's document production is not substantially complete by the negotiated deadline, or, in the case of a rolling production, by the last scheduled production date, the AGO's 45 days to commence the deposition of that airline's designee(s) and to complete the deposition(s) of any individual declarant(s) will be tolled until the document production is substantially complete.

8.    In the event a particular airline produces additional documents 7 days before its Rule 30(b)(6) deposition or thereafter, the AGO may conduct a follow-up deposition (via videoconference or telephone) limited to questions regarding the late-produced documents; this follow-up deposition shall be completed no later

than 10 days after the airline advises the AGO that its document production is complete.

9.     The AGO agrees to use in the present action, and A4A agrees to allow the AGO to use in the present action (subject to appropriate confidentiality provisions), the depositions of the same airlines and individual declarants taken in the Washington Paid Sick Leave litigation as provided by Fed.R.Civ.P. 32, under the following conditions:

    a.     A4A will provide the transcripts of the relevant Washington Rule 30(b)(6) and individual depositions to the AGO as soon as reasonably practicable after the depositions have been completed; to this end, A4A will exercise its best efforts to provide each transcript no later than 7 days after the confidentiality-designation process has been completed in the Washington lawsuit, or the Court has entered an order in response to the instant Joint Motion to Further Amend, whichever is later.

    b.     The AGO has not waived any objection which it could have recorded on the record, had the AGO been present at the deposition.

    c.     The AGO may further depose the Rule 30(b)(6) or individual witnesses on additional topics of inquiry which: (1) relate to the Massachusetts litigation; (2) were not covered in the Washington deposition; and/or (3) are relevant to its defense.

    d.     Any waiver of privilege by the examining parties in a Washington deposition shall not bind the AGO.

10.    With respect to particular airlines or individual declarants who have been deposed in the Washington lawsuit, and whom the AGO wishes to depose further pursuant to Paragraph 9(c) above, the AGO will serve a subpoena/notice specifying the topics for further inquiry.  Following service of a subpoena/notice, the parties will engage in an expedited meet-and-confer process, to be completed within 15 days, to address and resolve any objections to the requested deposition testimony.  Any remaining disputes will be brought to the Court's attention promptly.

11.    The interrogatories and document requests served by the AGO on A4A will be held in abeyance until completion of the airline and declarant depositions by the AGO, at which time the AGO will identify those interrogatories or document requests for which it will seek responses from A4A, if any, based on information or documents in the possession, custody or control of A4A.  Once the AGO makes these designations, the responses to these interrogatories and document requests shall be served within the time provided by Fed.R.Civ.P. 33 and 34, respectively.

12.    A4A's expert report was provided to the AGO on November 12, 2018.  The AGO shall serve any initial expert reports, including the information and data relied on therein, by no later than 30 days from completion of the last airline deposition.

Both parties shall serve any supplemental/rebuttal expert reports, including the information and data relied on therein, by no later than 30 days from the date of service of the AGO's initial expert reports.  Each expert's deposition shall be completed by a date no later than 21 days from service of the last supplemental/rebuttal expert report.

13.     The AGO shall serve all non-expert witness declarations in support of its motion for summary judgment within seven days of the last expert deposition or deposition of an airline, whichever is later.

14.     The AGO shall file its motion for summary judgment within fourteen (14) days of completion of the last expert deposition or the last deposition of an airline or individual declarant in accordance with the scheduling guidelines set forth herein, whichever is later.  The parties will exert best faith efforts to complete the document and deposition discovery process such that the last deposition is completed no later than June 7, 2019.

15.     The depositions of the AGO's non-expert declarants will be completed by no later than 14 days after the AGO files its motion for summary judgment.  The parties shall file their opposition briefs in response to the other's motion for summary judgment, including any non-expert declarations, by no later than 21 days following the filing of the AGO's motion for summary judgment.

16.     The parties shall file their reply briefs (if any) in support of their respective motions for summary judgment not later than 14 days following the filing of the opposition briefs.

The further amendment to the as-amended Scheduling Order is necessary due to the practical realities of discovery in this complex, large-scale litigation.  As set forth above, much of the discovery contemplated by the AGO is of non-party individual airlines, and not plaintiff A4A (an industry association of airlines), as the parties had originally anticipated.  Over the past several months, the parties have negotiated in good faith to agree on the scope of discovery from these non-parties and to construct a reasonable timetable in which the identified non-party airlines can produce the requested documents and make witnesses available for depositions under Fed. R. Civ. P. 30(b)(1), 30(b)(6), and 45.

The requested amendment is based further upon the parties' anticipation that these non-party depositions will be conducted out-of-state.  The limited additional time is necessary to

allow the parties to complete the discovery that is necessary for the Commonwealth to defend the challenges to its earned sick time law made by the plaintiff association on behalf of these member airlines.  Under the schedule set forth above, it is anticipated that documents will be produced within 60 days of March 20, 2019, depositions completed within the 45 days thereafter (i.e., on or about July 3, 2019), and summary judgment briefing complete 50 days thereafter (i.e., on or about August 24, 2019), which amounts to about a two-month extension of the existing schedule.

Respectfully Submitted

| | |
|---|---|
| MAURA HEALEY, | AIR TRANSPORT ASSOCIATION OF AMERICA, INC. d/b/a AIRLINES FOR AMERICA, |
| By her attorneys, | By its attorneys, |
| By /s/ Matthew Q. Berge<br>Matthew Q. Berge, BBO #560319<br>Douglas S. Martland, BBO # 662248<br>Kimberly A. Parr, BBO # 679806<br>Assistant Attorneys General<br>Pierce O. Cray, BBO # 104630<br>Senior Appellate Counsel<br>Office of the Attorney General<br>One Ashburton Place<br>Boston, MA 02108<br>(617) 963-2310/2062/2489/2084<br>Matthew.Berge@mass.gov<br>Douglas.Martland@mass.gov<br>Kimberly.Parr@mass.gov<br>Pierce.Cray@mass.gov | By  /s/ Chris A. Hollinger<br>Chris A. Hollinger<br>#147637 (CA)<br>O'Melveny & Myers LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Tel:  (415) 984-8700<br>E-Mail:  chollinger@omm.com<br><br>(Admitted pro hac vice)<br><br>Robert A. Siegel<br>#65605 (CA)<br>O'Melveny & Myers LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>Tel:  (213) 430-6005<br>E-Mail:  rsiegel@omm.com<br>(Admitted pro hac vice)<br><br>By  /s/ John Hodges-Howell<br>John Hodges-Howell<br>#42151 (WA) |

Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel:  (306) 622-3150
E-Mail:  jhodgeshowell@dwt.com

(Admitted *pro hac vice*)

By */s/ David P. Mason*
MA BBO #663028
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Tel: (617) 994-5700
E-Mail:  david.mason@ogletree.com

Dated:  March 6, 2019.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of March 2019, a true and accurate copy of this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and sent via first class mail to unregistered participants.

<u>/s/ Douglas S. Martland</u>
Douglas S. Martland